UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERRY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>URBAN OUTFITTERS WHOLESALE, INC., et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-02628-JSW   (KAW)<br><br>ORDER REGARDING 11/18/2014 JOINT DISCOVERY LETTER BRIEF<br><br>Dkt. No. 78 |

On November 18, 2014, the parties submitted a joint discovery letter brief concerning Plaintiffs' request to recover attorneys' fees for travel taken to depose Defendant Urban Outfitters Wholesale, Inc.'s 30(b)(6) witness, who did not appear at the duly noticed deposition. (11/18/2014 Joint Letter, "Joint Letter," Dkt. No. 78 at 2.)  Defendant agreed to pay Plaintiffs' travel costs, but refused to pay attorneys' fees incurred for two days of missed work. *Id.*

On January 15, 2015, the Court held a hearing, and after consideration of the joint letter and the parties' arguments, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's request to for reimbursement of attorney's fees.

**I.   BACKGROUND**

Plaintiffs filed this class action against Defendant Urban Outfitters Wholesale, Inc. for alleged wage and hour violations.  On August 19, 2014, Defense counsel confirmed via email that October 10, 2014 would work for the 30(b)(6) deposition in Philadelphia, Pennsylvania. (Joint Letter at 1.)  On September 24, 2014, Plaintiffs noticed the deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). (Joint Letter, Ex. 1.)  On October 6, 2014, following a lengthy meet and confer, defense counsel reconfirmed that the 30(b)(6) deposition of Defendant would go forward on October 10, 2014 in Philadelphia. (Joint Letter at 1-2.)  Plaintiff responded affirmatively. (Joint

Letter at 2.)

On October 8, 2014, Defense counsel requested that the deposition on October 10, 2014 start at 9:00 a.m. instead of 10:00 a.m., to which Plaintiffs agreed. (Joint Letter at 2). Aparajit Bhowmik, counsel for Plaintiffs, was in San Francisco on another matter, and had booked a flight to Philadelphia for the morning of October 9, 2014, in order to appear at the 30(b)(6) deposition scheduled for October 10, 2014 in Philadelphia. *Id.*

On October 8, 2014, at 9:51 p.m., counsel for Defendant confirmed the October 10, 2014 deposition. *Id.* On October 9, 2014, at around 7:30 a.m., Mr. Bhowmik boarded his flight to Philadelphia, scheduled to depart at 8:10 a.m. *Id.* Around the same time, Defense counsel sent an email at 7:21 a.m. stating that "the 30(b)(6) deponent is not comfortable going forward tomorrow" and needs to reschedule. *Id.*

On October 10, 2014, Mr. Bhowmik appeared at the duly noticed deposition, and took a notice of nonappearance. (*See* Transcript, Joint Letter, Ex. 2.)

Counsel for Defendant paid the costs associated with Mr. Bhowmik's appearance, and later produced the 30(b)(6) deponent in San Diego, California on November 13, 2014. Counsel for Defendant, however, refused to pay any of the attorneys' fees incurred for the two days of work Mr. Bhowmik claims to have missed due to the abrupt cancellation resulting in his unnecessary travel. (Joint Letter at 2-3.) Plaintiffs contend that the total attorneys' fees amount to $8,800, which constitutes two, eight hour days of work at $550 per hour.

On November 18, 2014, the parties filed the joint discovery letter. On January 15, 2015, the Court held a hearing and ordered Plaintiffs to submit supplemental briefing in support of Plaintiffs' requested attorneys' fee award. On January 22, 2015, Plaintiffs submitted a supplemental brief. (Pl.'s Brief, Dkt. No. 85.) On January 27, 2015, Defendant submitted a response. (Def.'s Brief, Dkt. No. 86.)

## II. LEGAL STANDARD

A court must award fees and costs caused by a party's failure to appear for deposition, unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3). "'[T]he failure to appear need not be willful,' and the court has

2

1  discretion in deciding whether sanctions should be imposed." *Jefferson v. Cnty. of Napa*, No. C
2  03-5031 SI, 2007 WL 3287847, at *1 (N.D. Cal. Nov. 5, 2007) (quoting *Lew v. Kona Hosp.*, 754
3  F.2d 1420, 1426 (9th Cir. 1985) (citing Advisory Committee Notes to Rule 37(d))).

### III. DISCUSSION

#### A. Attorneys' Fees for Deposition

Plaintiffs seek $8,800 in attorneys' fees in reimbursement for sixteen hours (or two, eight hour days) for the time Mr. Bhowmik spent traveling to the October 10, 2014 deposition that did not go forward. (Joint Letter at 2-3.)

Defendant argues that Mr. Bhowmik's argument that he lost sixteen hours is disingenuous, because Defendant's relocation of the rescheduled deposition to Mr. Bhowmik's office meant that he only lost that work time once. (Joint Letter at 8.) The Court agrees. Since Mr. Bhowmik would have traveled to take the one-day 30(b)(6) deposition had it gone forward as scheduled, he effectively only lost one day of work, the day of the deposition itself.

#### 1. Attorneys' Fee Award

Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 980 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). Typically, affidavits of counsel "regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). The "community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citation omitted).

Plaintiffs originally requested sanctions in the amount of $8,800 based on a $550 per hour rate for sixteen hours, or two work days. (Joint Letter at 2.) At the hearing, the Court brought to Plaintiffs' attention that their request for sanctions was not accompanied by a competent

3

1 declaration which "itemize[d] with particularity the otherwise unnecessary expenses, including
2 attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate
3 justification for any attorney-fee hourly rate claimed" if attorney fees or other costs or expenses
4 are requested. Civil L.R. 37-4(b)(3). Specifically, Plaintiffs did not provide a declaration that
5 specified the number of hours spent and justified counsel's claimed hourly rate. In light of these
6 deficiencies, the Court ordered Plaintiffs to submit a supplemental brief, with a supporting
7 declaration, that substantiated the amounts claimed.

8       On January 22, 2015, Plaintiffs filed a supplemental brief, which was accompanied by the
9 declaration of Aparajit Bhowmik. (Pl.'s Brief, Dkt. No. 85; Decl. of Aparajit Bhowmik,
10 "Bhowmik Decl." Dkt. No. 85.) Plaintiffs sought to substantiate Mr. Bhowmik's claimed billing
11 rate of $550.00 per hour. (Pl.'s Suppl. Brief at 2.) Mr. Bhowmik is a partner with the law firm of
12 Blumenthal Nordrehaug & Bhowmik. (Bhowmik Decl. ¶ 3.) Mr. Bhowmik has been practicing
13 law for 8 years and currently specializes in employment class action matters. *Id.* At the time of the
14 original deposition, Mr. Bhomik had been practicing for approximately 7 1/2 years.

15       In his declaration, Mr. Bhowmik states that his rate of $550.00 per hour was approved by a
16 judge in the U.S. District Court for Central District of California. (Bhowmik Decl. ¶ 5.) The order
17 of approval that was attached in the Central District case, however, did not name Mr. Bhowmik or
18 the hourly rate awarded. (*See* Bhowmik Decl., Ex. 4.) The other cases cited by Plaintiffs in
19 support of Mr. Bhowmik's hourly rate suffer from incomplete citations, and Mr. Bhowmik did not
20 attach copies of orders approving his hourly rate to his declaration for the Court to review.
21 Additionally, as Defendant states in its response, Plaintiffs included the 2013 National Law
22 Journal Billing Survey, which is a national survey. (Def.'s Brief at 2.) Further, Mr. Bhowmik's
23 comparison of his rates to that of partners from national, top-tier defense firms, when he works for
24 a six-person plaintiff-side firm, is not necessarily a reasonable comparison.

25       Defendant, however, also argues that a fee award is improper, because it reimbursed the
26 expenses Plaintiffs incurred relating to the deposition that did not go forward. (*See* Def.'s Brief at
27 3.) At the hearing, Defendant argued that *John Wiley & Sons v. Book Dog Books, LLC*, 298
28 F.R.D. 145, 150 n. 2 (S.D.N.Y. March 18, 2014), is instructive, and requires that the Court credit

4

the expenses already reimbursed to any attorneys' fees found owing, because the 30(b)(6) witness was later produced at Mr. Bhowmik's office, rendering duplicative travel unnecessary. The Court notes that *Wiley* is inapposite, because the *Wiley* plaintiffs were not seeking attorneys' fees for lost time. Further, the issue of reimbursement for travel was not the subject of the joint letter, as the parties resolved that dispute without court intervention. Rather it was simply raised by Defendant as a defense to any fees owed. Thus, the Court declines to credit the expenses paid against the fees owed. As provided above, however, the Court is only awarding fees for one eight-hour day, because the 30(b)(6) witness was later produced at Mr. Bhowmik's office, thereby eliminating the need for subsequent travel. *See* discussion *supra* Part III.A.[1]

Plaintiffs bear the burden of showing that Mr. Bhowmik's hourly rate is reasonable. The Court is aware of the prevailing rates in the community for similar services performed by attorneys of comparable skill, experience, and reputation, and it finds that Mr. Bhowmik's claimed hourly rate is unreasonable. *See, e.g., Recouvreur v. Carreon*, 940 F. Supp. 2d 1063, 1070 (N.D. Cal. 2013) (finding an ordinary billing rate of $300 per hour reasonable for a lawyer in private practice and utilizing the Adjusted Laffey Matrix). Defendant, in opposing Mr. Bhowmik's claimed fee of $550.00, asks that the Court award no more than $400.00 per hour. This figure is supported by the Adjusted Laffey Matrix, frequently used by the District of Columbia, which confirms that the average hourly rate for an attorney with 7 years of experience is $402.00 per hour.[2] The U.S. Department of Justice maintains its own Laffey Matrix, which provides that attorneys with between four and seven years of experience charge $300.00 per hour in the Washington, D.C. area, while the billing rate for attorneys with eight to ten years of experience is $370.000 per hour.[3]

Courts "should be guided by the rate prevailing in the community for similar work

---

[1] Coincidentally, the $3,585.04 in expenses paid by Defendant is very similar to Mr. Bhowmik's reasonable attorneys' fees for one eight-hour day. *See* discussion *infra*. Thus, if the Court awarded two days of attorneys' fees and credited the reimbursement—which is what could have happened if a dispute regarding reimbursement were properly before the Court—the amount due would be almost the same.
[2] Adjusted Laffey Matrix, http://www.laffeymatrix.com/ (last visited Feb. 9, 2015).
[3] U.S. Dep't of Justice, Laffey Matrix 2014-2015 (July 14, 2014), http://www.justice.gov/usao/dc/divisions/Laffey%20Matrix_2014-2015.pdf.

performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). Plaintiffs, however, do not cite to any cases in this district where a $550.00 billing rate was awarded to an attorney of comparable skill and experience as Mr. Bhowmik. Nor have Plaintiffs provided declarations from other attorneys with similar experience. Plaintiffs instead rely on cases where Mr. Bhowmik has purportedly received an award of $550.00 per hour, but, as provided above, the Court is unable to evaluate those awards. Even the list of representative cases on the Firm Resume does not assist the Court, as the Court is not tasked with researching every case in which the attorneys at Mr. Bhowmik's firm have served as counsel to determine whether his billing rate is appropriate. (*See* Firm Resume, Bhowmik Decl., Ex. 1.) Moreover, in a recent case in the Northern District, a partner at a San Francisco-based, national litigation firm, possessing over 20 years of experience, was awarded his firm's partner billing rate of $425.00 per hour. *Postier v. Louisiana-Pac. Corp*, No. 09-CV-03290-JCS, 2014 WL 1760010, at *5 (N.D. Cal. Apr. 29, 2014). Since Plaintiffs have not met their burden to support a billing rate of $550.00 per hour, the Court finds that a billing rate of $400.00 per hour is reasonable, as it is in line with not only other awards in this district, but also with the Adjusted Laffey Matrix.[4]

Accordingly, the Court orders Defendant to pay Mr. Bhowmik fees for one eight-hour day, which is $3,200.00.

**B. Attorneys' Fees related to preparing the Joint Letter**

Plaintiffs claim to have incurred $1,100 in attorneys' fees in preparing the joint letter. (Joint Letter at 3.) The Court, however, declines to award fees in connection with this dispute, because the parties engaged in a meet and confer process, which resulted in Defendant paying Plaintiffs' expenses. Simply seeking court intervention does not warrant an additional fee award.

Similarly, the Court also declines to award Defendant any fees in relation to the preparation of the joint letter.

---

[4] The $300.00 to $375.00 figure suggested by the U.S. Department of Justice's Laffey Matrix is low for an attorney with seven to eight years of experience practicing in the Northern District.

## IV. CONCLUSION

In light of the foregoing, Plaintiffs' request for attorneys' fees is GRANTED IN PART AND DENIED IN PART. Defendant shall pay Plaintiffs $3,200.00 in attorneys' fees within 30 days of this order, unless the parties agree otherwise.

IT IS SO ORDERED.

Dated: 02/11/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge